## DOHERTY v. UNITED STATES.
### No. 4351.

United States Court of Appeals
Tenth Circuit.

Dec. 14, 1951.

Edward Joseph Doherty, pro se, on the brief for appellant.

Scott M. Matheson, U. S. Atty., and Bryant H. Croft, Asst. U. S. Atty., Salt Lake City, Utah, were on the brief for appellee.

Before BRATTON, MURRAH and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

The indictment in this case contained four counts. The first count charged that appellant, other named persons, and other persons not known, entered into a conspiracy to receive, conceal, store, barter, sell, and dispose of a described Oldsmobile, a described Lincoln, and a described Mercury automobile, knowing that such automobiles were moving in interstate commerce, and knowing that they had been stolen; and the count pleaded certain overt acts in furtherance of the conspiracy, including the receiving, storing and concealing of such automobiles. The second count charged that appellant and another named person received, concealed, stored, bartered, sold, and disposed of the Oldsmobile which was moving in interstate commerce, knowing that it had been stolen; the third count charged a like substantive offense in respect to the Lincoln; and the fourth count charged a similar substantive offense in respect to the Mercury automobile. Appellant was found guilty on all counts. He was sentenced to imprisonment for five years on each count, with provision that the sentences on the first and second counts should run consecutively and that the sentences on the third and fourth should run concurrently with that on the first count; and a fine of $5,000 was imposed under the second count. A motion was filed under Title 28, Section 2255, United States Code, for the correction or reduction of the judgment and sentences. The motion was denied and this appeal was perfected from that action.

 The action of the court in denying the motion to vacate is challenged on the ground that the second, third, and fourth counts in the indictment each charged an offense which was included in the offense laid in the first count; that the sentences imposed under the first and second counts

to run consecutively exceeded the maximum punishment authorized by law; and that such sentences amounted to double punishment for a single offense. But the contention is without merit. It is well settled that the formation of a conspiracy to commit a substantive offense and the commission of the substantive offense are separate and distinct crimes. Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489; Upshaw v. United States, 10 Cir., 157 F.2d 716. And with certain exceptions not having any bearing here, where an indictment charges in separate counts a conspiracy to commit substantive offenses and the commission of the substantive offenses, the substantive offenses are not merged in the conspiracy even though the acts constituting the substantive offenses are pleaded and proved as overt acts in furtherance of the conspiracy. Pinkerton v. United States, supra; Upshaw v. United States, supra.

 In briefs apparently prepared by appellant without the aid of counsel it is argued that where the facts necessary to convict on the second count of an indictment would have been sufficient to convict on the first count, sentence on the first count bars sentence on the second; that the same evidence was used to establish the offenses laid in the several counts in the indictment in this case; that there was identity of offenses; and that the imposition of sentences on the first and second counts to run consecutively constituted double punishment for a single crime. The recognized test for determining whether two or more counts in an indictment charge separate offenses or only one is whether each count requires proof of a fact or element not required by the other. If so, the offenses charged are not identical even though both may relate to or grow out of one transaction. Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153; Tesciona v. Hunter, 10 Cir., 151 F.2d 589. Here, the offense laid in the first count of the indictment could have been established by showing the formation of the conspiracy to commit the substantive offenses and the commission of one or more overt acts in furtherance of it. And while the facts constituting the

substantive offenses laid in the second, third, and fourth counts were pleaded as overt acts in furtherance of the conspiracy, it was not essential that those particular overt acts be proved rather than others likewise pleaded. It would have been sufficient to prove some other overt act pleaded in the first count, quite separate and apart from receiving, concealing, storing, bartering, or selling the automobiles. But in order to convict on the second, third, and fourth counts, it was essential to show the actual receiving, concealing, storing, bartering, or selling of the automobiles, knowing them to have been stolen and transported in interstate commerce. Manifestly, the evidence required to establish the offenses charged in the several counts was not necessarily the same.

The order denying the motion for correction or reduction of the sentences is affirmed.