UNITED STATES of America,
Plaintiff-Appellee,

v.

Virgil R. JOBE, M. D., Defendant-
Appellant.

No. 73-1298.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Sept. 10 1973.

Decided Nov. 7, 1973.

Rehearing Denied Nov. 27, 1973.

Floy E. Dawson, Asst. U. S. Atty., Oklahoma City, Okl. (William R. Burkett, U. S. Atty., Oklahoma City, Okl., with him on the brief), for plaintiff-appellee.

Leslie L. Conner and James M. Little, Oklahoma City, Okl. (Leslie L. Conner, Jr., and O. A. Cargill, Jr., Oklahoma City, Okl., with them on the brief), for defendant-appellant.

Before PICKETT, BREITENSTEIN and BARRETT, Circuit Judges.

PICKETT, Circuit Judge.

Appellant Jobe, a duly licensed and practicing medical doctor in Oklahoma City, Oklahoma, appeals from a conviction on a nineteen count indictment charging him with distributing and causing to be distributed controlled substances (narcotics) in violation of 21 U. S.C. § 841(a)(1) (1970). The charges arose out of nineteen separate prescriptions issued to a number of undercover police officers for drugs admitted to be "controlled substances" within the meaning of the statute. Dr. Jobe contends (1) that the statute under which he is

charged is vague, indefinite, unclear, and fails to define the acts alleged in the indictment to be a crime; (2) that the court erred, because of local prior adverse publicity, in not granting a change of venue; (3) that the law officers in their zeal to obtain evidence of narcotics violations were guilty of entrapment; and (4) that the method for selection of jurors for the trial of criminal cases filed in Oklahoma City, Oklahoma, denies a defendant a constitutional jury.

Dr. Jobe, at the time of his arrest, was a long-time general practitioner in Oklahoma City, Oklahoma. He testified that in recent years he had more or less confined his practice to office calls. A large percentage of his patients were those having weight problems for which, in some instances, he prescribed controlled substances.[1] The prescriptions that were the basis of the indictment were given to police officers who came to the doctor's office and requested prescriptions for various kinds of narcotics. Using fictitious names, they appeared out of uniform and were generally dressed to disguise their real identity. They were able to obtain the prescriptions within a few minutes after an interview and without any actual physical examination. The doctor admitted writing the prescriptions and testified that they were issued in good faith and in the honest belief that they were given to persons who were in need of the drugs.

The gist of the attack upon the applicable provisions of the Act is that the general terms of the statute do not make it a crime for one registered under the Act to dispense a controlled substance through a prescription. The statute is not a model of clarity in this respect, but we decided this issue in a recent decision, United States v. Bartee, 479 F.2d 484 (10th Cir. 1973), where it was said that it is clear and inescapable "that when a medical practitioner issues a prescription which is not for a legitimate medical purpose and is not in the usual course of his professional practice, then he does violate the statute." 479 F.2d at 488. The issue of whether the prescriptions were given in the course of professional practice and for a legitimate purpose was settled by the jury verdict.

The record discloses that prior to trial there was considerable interest in the case and it was referred to quite extensively by all the news media. The coverage did not appear to be greater than usual in a case of this kind, but there was reference to some other criminal cases concerning the doctor. The trial court denied a motion for change of venue subject to a reconsideration after the voir dire examination of prospective trial jurors. At the time of trial a jury was readily selected that was acceptable to the parties. The defendant did not exhaust all of the peremptory challenges to which he was entitled. The court denied the renewed motion for change of venue. Rule 21 Fed.R.Crim.P. provides that the trial of a criminal case shall be transferred to another district "if the court is satisfied that there exists in the district where the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial at any place fixed by law for holding court in that district." The ultimate question confronting a trial judge in situations such as this is whether it is possible to select a fair and impartial jury from a jury array selected from the vicinity where the publicity occurred. United States v. Daddano, 432 F.2d 1119 (7th Cir. 1970), cert. denied, 402 U.S. 905, 91 S.Ct. 1366, 28 L.Ed.2d 645 (1971); Jones v. Gasch, 131 U.S.App.D.C. 254, 404 F.2d 1231 (1967), cert. denied, 390 U.S. 1029, 88 S.Ct. 1414, 20 L.Ed.2d 286 (1968). The granting of a motion for change of venue under Rule 21 is specifically within the discretion of the trial judge. United States v. Smaldone, 485 F.2d 1333 (10th Cir. 1973); Wheeler v. United States, 382 F.2d 998

---

1. The doctor testified that on some days he would see as many as 100 to 125 persons in his office.

(10th Cir. 1967); Dennis v. United States, 302 F.2d 5 (10th Cir. 1962). Little if any community prejudice against the doctor was encountered in the selection of the jury. We find no abuse of discretion.

 It is next urged that the use of aliases and other deception by the police officers was an unlawful conspiracy. The essence of this argument is that the conduct constituted entrapment. It has often been said that in enforcing laws pertaining to vice, narcotics and similar violations, officers may employ appropriate artifice and deception to determine illicit activities. Lewis v. United States, 385 U.S. 206, 87 S.Ct. 424, 17 L. Ed.2d 312 (1966); Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L. Ed. 413 (1932). When a person is shown to be ready and willing to violate the law, the providing of an opportunity therefor by undercover agents or police officers is not entrapment. Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963); United States v. Crawford, 444 F.2d 1404 (10th Cir.), cert. denied, 404 U.S. 855, 92 S.Ct. 98, 30 L.Ed.2d 95 (1971); Garcia v. United States, 373 F.2d 806 (10th Cir. 1967); Maestas v. United States, 341 F.2d 493 (10th Cir. 1965).

Finally, it is urged that the conviction cannot be sustained because the jury panel was selected from a petit jury array chosen from only one division and not from the entire Western District of Oklahoma. No objection was made prior to trial, and if there was any error in the jury selection, it was waived. Fed.R.Crim.P. 12(b)(2); Shotwell Manufacturing Co. v. United States, 371 U.S. 341, 83 S.Ct. 448, 9 L. Ed.2d 357 (1963); Frazier v. United States, 335 U.S. 497, 69 S.Ct. 201, 93 L. Ed. 187 (1948). It is also argued that there was error in the cross examination of Jobe with reference to former convictions. No objection was made to the questions and they were not such as to constitute plain error or affect substantial rights of the accused. Tapia v. Rodriguez, 446 F.2d 410 (10th Cir. 1971).

Affirmed.