**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Fnu HICKS, Defendant-Appellant.**

**No. 75–2125.**

United States Court of Appeals, Fifth Circuit.

April 5, 1976.

Rehearing Denied April 28, 1976.

Charles R. Maloney, New Orleans, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before GEWIN and AINSWORTH, Circuit Judges, and MARKEY *, Chief Judge.

PER CURIAM:

Appellant Hicks appeals from a conviction for violating 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 2 by conspiring with a Dr. Young to dispense controlled substances which Hicks and Young knew were not issued in the usual course of professional treatment and were not dispensed for legitimate medical purposes. We affirm.

### Issues

Hicks appeals on two grounds. He alleges that (1) the indictment was defective and (2) as a matter of law, he is incapable of violating 21 U.S.C. § 841.

### (1) The Indictment

Before the trial, Hicks filed a motion to dismiss the indictment as duplicitous. Noting that each count of the indictment could be read as charging Hicks with unlawfully *distributing* controlled substances and with aiding and abetting Dr. Young in unlawfully *dispensing* controlled substances, Judge Rubin required the Government to elect one of the charges and submit to the court a copy of the indictment reformed to comply with the election.

Hicks alleges that he was prejudiced because (a) he was confused regarding the charges against which he had to defend, because of the U. S. attorney's failure to elect prior to the trial and (b) the unsigned copy of the December 5, 1974 indictment (with "distribution" deleted), which the U. S. attorney submitted after the commencement of the trial but prior to the charging of the jury, was not an effective amendment of or motion to amend the indictment.

(a) Confusion. The indictment clearly set forth the acts of Hicks considered violative of the law and the sections of the law considered violated. The duplicity of the count herein related only to the application of the law to the facts, *i. e.*, whether the same allegedly criminal acts of Hicks violated 21 U.S.C. § 841 because they constituted *distributing* or because they constituted *dispensing*. It was within the Grand Jury's prerogative, of course, to have charged Hicks with both offenses in separate counts.

Duplicity of the present type is harmful not because it prejudices the defendant during trial but because it prohibits the jury from acquitting or convicting on each separate charge. The spector of double jeopardy is raised by the jury's inability to find the defendant innocent of one of the charges in a duplicitous count.

In the present case, the duplicity was resolved before submission to the jury. We see no prejudice in requiring the defendant to defend, during the trial, against two clearly presented charges arising from the same acts, when one of the charges is deleted before the count is submitted to the jury.

(b) Amendment. Rule 47 of the Federal Rules of Criminal Procedure permits an oral motion during trial. The U. S. attorney need not, therefore, have filed a written motion or amendment to elect between charges in each count and to move that surplus charges be struck. The written copy of the proposed revised indictment, accompanied by the oral re-

* Of the U. S. Court of Customs and Patent Appeals, sitting by designation.

quest during the trial, was more than adequate basis for the court to have stricken the surplusage from the count under Rule 7(d) of the Federal Rules of Criminal Procedure.

Charges may be dropped from an indictment any time before submission to the jury. See *United States v. Musgrave*, 483 F.2d 327 (5th Cir. 1973), *Overstreet v. United States*, 321 F.2d 459 (5th Cir. 1963), *cert. denied* 376 U.S. 919, 84 S.Ct. 675, 11 L.Ed.2d 614.

In the present case, the Government's motion to delete charges against Hicks cured the duplicity of the indictment. Having been made before submission of the indictment to the jury, the motion was properly and timely made.

(2) *21 U.S.C. § 841(a)(1)*

Hicks alleges that he cannot be convicted under 21 U.S.C. § 841(a)(1) because under 21 U.S.C. § 802(10) "dispensing" means delivering a controlled substance to the ultimate user pursuant to the lawful order of a practitioner, making him, a security guard with a fourth-grade education and not a doctor, legally incapable of "dispensing," and because a doctor cannot be prosecuted under 21 U.S.C. § 841.

It was not necessary that Hicks personally "dispense," only that he knowingly participate in a conspiracy with Dr. Young, a licensed physician, to dispense controlled substances in violation of 21 U.S.C. § 841(a)(1). *U. S. v. Green*, 511 F.2d 1062 (7th Cir. 1975).

Moreover, the status of a licensed physician does not exempt from prosecution under 21 U.S.C. § 841. *United States v. Moore*, 423 U.S. 122, 96 S.Ct. 335, 46 L.Ed.2d 333 (1975).

We see no merit, therefore, in Hicks' claim that as a matter of law he is exempt from prosecution under 21 U.S.C. § 841.

The judgment of the District Court is *affirmed.*