**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frederick Jerry FELLMAN,
Defendant-Appellant.**

No. 76–1782.

United States Court of Appeals,
Tenth Circuit.

Submitted Jan. 20, 1977.

Decided Feb. 10, 1977.

Gloria Lyons, Albuquerque, N. M., for defendant-appellant.

Victor R. Ortega, U. S. Atty., C. Richard Baker, Asst. U. S. Atty., Albuquerque, N. M., for plaintiff-appellee.

Before PICKETT, Senior Circuit Judge, and SETH and McWILLIAMS, Circuit Judges.

PER CURIAM.

The government, by appropriate motion, seeks summary affirmance of the judgment of the district court in this direct criminal appeal. Appellant has filed a response under Local Rule 8(c) opposing the government's motion and the matter is now ready for disposition on the merits.

■ Appellant, a practicing osteopathic physician, was charged by indictment with sixteen counts of distributing Schedule II controlled substances while not acting in the usual course of his professional practice, in violation of 21 U.S.C. § 841(a)(1). At trial, the jury convicted on all counts. It was stipulated that defendant, who was registered under the Controlled Substances Act (21 U.S.C. § 801 et seq.) wrote and signed the prescriptions for the controlled substances in each of the sixteen counts. These prescriptions were issued by defendant to undercover agents of the Drug Enforcement Administration posing as prospective patients. The government's evidence established that prior to the issuance of the prescriptions requested by the agents, the defendant neither took a medical history nor gave a physical examination. Further prosecution evidence indicated that the prescriptions were issued for no apparent medical reason and that defendant's activities with respect to these prescriptions far exceeded the usual course of professional practice. The evidence is more than sufficient to sustain the conviction and is not challenged on appeal.

■ The sole issue presented for our review is whether the indictment, which charged the defendant with distributing rather than dispensing, is fatally defective. The government, in its motion to affirm, argues that this question was resolved adversely to appellant by the Supreme Court in United States v. Moore, 423 U.S. 122, 96 S.Ct. 335, 46 L.Ed.2d 333 (1975). Appellant insists that Moore did not completely answer the question and relies on United States v. Leigh, 487 F.2d 206 (5th Cir. 1973) to support his claim that the indictment should have charged him with unlawful dispensing.

We disagree with Fellman's argument and the authorities cited in support of it. In our view, appellant seeks to create a hyper-technical distinction between the terms dispense and distribute which have no functional difference in the context of this case. In essence, dispensing as defined within the Act, is the delivery of a controlled substance pursuant to the lawful order of a practitioner, i. e. within the usual course of professional practice. § 802(10) and (20). Similarly, distributing is also the delivery of a controlled substance. § 802(11).

■ The prohibitions and penalties of § 841 are plainly intended to reach any person who deals in controlled substances without authorization. Physicians registered under § 822 have no blanket authority to deliver controlled substances, but may "dispense" only pursuant to a lawful order in the usual course of professional practice. When this limited statutory authority is exceeded, the criminal sanctions of § 841 apply. United States v. Bartee, 479 F.2d 484 (10th Cir. 1973); United States v. Jobe, 487 F.2d 268 (10th Cir. 1973) cert. denied 416 U.S. 955, 94 S.Ct. 1968, 40 L.Ed.2d 305 (1974). Here, the jury's verdict gave ample indication of their implicit findings that the defendant caused the deliveries of the controlled substances charged in the indictment and that such deliveries were not within the usual course of professional practice. These findings that the defendant delivered controlled substances without authorization are not challenged.

The Supreme Court's opinion in Moore leaves little, if any, doubt that physicians may be prosecuted for both unlawful dis-

pensing and distributing when their activities go beyond the usual course of professional practice. Recent decisions of the First, Sixth and Ninth Circuits have addressed the precise issue raised by appellant and have squarely held that under facts virtually identical to this case, a physician may be properly charged with unlawful *distribution* of controlled substances. *United States v. Badia*, 490 F.2d 296 (1st Cir. 1973); *United States v. Ellzey*, 527 F.2d 1306 (6th Cir. 1976); *United States v. Rosenberg*, 515 F.2d 190 (9th Cir. 1975) cert. denied 423 U.S. 1031, 96 S.Ct. 562, 46 L.Ed.2d 404 (1976).

After thoroughly reviewing the record, we conclude that appellant was not improperly charged and that the district court did not err by refusing to quash the indictment. Accordingly, appellee's motion is granted and the judgment and commitment appealed from is affirmed.