**UNITED STATES of America**

v.

**Patrick L. TIGHE, Appellant.**

**No. 76–1847.**

United States Court of Appeals, Third Circuit.

Argued Jan. 6, 1977.

Decided Feb. 25, 1977.

Paul A. McGlone, Scranton, Pa., for appellant.

S. John Cottone, U. S. Atty., Laurence M. Kelly, Asst. U. S. Atty., Scranton, Pa., for appellee.

Before VAN DUSEN and ADAMS, Circuit Judges, and WEINER, District Judge.*

---

* Honorable Charles R. Weiner, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

The issue in this case is whether dispensing of a prescription for a controlled substance outside the usual course of professional practice [1] constitutes dispensing or possession of that substance with intent to dispense under the Controlled Substances Act (CSA), 84 Stat. 1242, 21 U.S.C. § 801 *et seq.,* including § 841(a)(1). We hold that it does.

### I.

Defendant Patrick L. Tighe is a practicing physician, licensed by the Commonwealth of Pennsylvania, and registered with the Federal Drug Enforcement Administration. Between November 26, 1973, and May 29, 1974, two Commonwealth drug enforcement agents visited defendant at his office in his home and, between them, obtained 18 prescriptions for biphetamines, a Schedule II controlled substance. The prescriptions were never filled and were turned over to another agent, who headed the investigation, for use in obtaining an indictment and for use in evidence at trial.

Defendant was indicted on eighteen counts of dispensing and distributing biphetamines under 21 U.S.C. § 841(a)(1), which provides:

"(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

"(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance."

At the close of trial, the district judge instructed the jury that he was eliminating "distribution" from the case because, in his opinion, there was insufficient evidence to support conviction on that offense, and charged them on the offense of dispensation. The jury found defendant guilty on all 18 counts. Motions for acquittal and a new trial were denied by the district court; sentence was imposed, and this appeal followed.

### II.

The term "dispense" is defined by 21 U.S.C. § 802(10), which provides, *inter alia,* that:

"The term 'dispense' means to deliver a controlled substance to an ultimate user or research subject by, or pursuant to the lawful order of, a practitioner, including the prescribing and administering of a controlled substance and the packaging, labeling, or compounding necessary to prepare the substance for such delivery."

The terms "deliver" and "ultimate user" are defined by 21 U.S.C. § 802(8) and (25), respectively, as follows:

"The terms 'deliver' and 'delivery' mean the actual, constructive, or attempted transfer of a controlled substance, whether or not there exists an agency relationship.

.    .    .    .    .

"The term 'ultimate user' means a person who has lawfully obtained, and who possesses, a controlled substance for his own use or for the use of a member of his household or for an animal owned by him or by a member of his household."

Defendant contends on appeal that an essential element of the crime charged under 21 U.S.C. § 841(a)(1) was lacking because no ultimate user ever received possession of the drugs, due to the fact that the prescriptions were never filled. We find this position to be without merit in view of the facts of this case.

### III.

The Supreme Court has recently held, in *United States v. Moore,* 423 U.S. 122, 96 S.Ct. 335, 46 L.Ed.2d 333 (1975), that "registered physicians can be prosecuted under § 841 when their activities fall outside the usual course of professional practice," at 124, 96 S.Ct. at 337. Defendant does not contest the validity of this proposition. Rather, as noted, defendant raises the question of whether, under the terms and struc-

---

1. See *United States v. Moore,* 423 U.S. 122, 124, 96 S.Ct. 335, 46 L.Ed.2d 333 (1975).

ture of this statute, possession by a putative ultimate user of prescriptions for a controlled substance is equivalent to possession of the substance. The crux of the question is the definition of "ultimate user," in 21 U.S.C. § 802(25) as someone who possesses a controlled substance. While that definition, standing alone, might suggest the construction defendant urges, it does not stand by itself, and it cannot be construed outside of the context of the Controlled Substances Act (CSA) and the congressional intent evinced by that statute.

The term "dispense" is defined by § 802(1) as delivery of a controlled substance to an ultimate user. Biphetamines are a Schedule II controlled substance, and delivery is defined by § 802(8) as their actual, constructive, or attempted transfer. Under the facts presented by this case, a prescription for a substance cannot be regarded as less than the constructive or attempted transfer of the substance itself, since a prescription is the written representation of the drug and enables its possessor to claim physical custody and control over the drug prescribed. While the term "possession" is nowhere defined in the CSA, to interpret it as defendant urges would not only contradict the explicit meaning of "deliver," the operative term in the definition of "dispense," but would also effectively read constructive and attempted transfers out of the definition of "deliver." Defendant would have us hold that conviction on a charge of dispensing might be predicated upon constructive or attempted transfer to an ultimate user, but that no ultimate user would then exist, since, under the literal view of § 802(25) urged by defendant, that term requires "actual" possession—something quite impossible in the case of a constructive or attempted transfer.

To alter so dramatically the meaning of this statute, based upon the defendant's proffered and preferred definition of a term not defined therein would be to deny congressional intent, principles of statutory construction, and common sense—particularly when interpretation of that term in a manner consistent with relevant related terms of that same statute saves both the structure and the apparent intention of the Congress.

We note, particularly, the recent advice of the Supreme Court in this regard in *Moore, supra* at 145, 96 S.Ct. at 347, quoting from *United States v. Brown,* 333 U.S. 18, 25–26, 68 S.Ct. 376, 92 L.Ed. 442 (1948):

"The canon in favor of strict construction [of criminal statutes] is not an inexorable command to override common sense and evident statutory purpose. . . . Nor does it demand that a statute be given the 'narrowest meaning'; it is satisfied if the words are given their fair meaning in accord with the manifest intent of the lawmakers."

In *Moore,* the Supreme Court found that Congress intended the CSA to " 'strengthen' rather than weaken the [prior drug laws]" and particularly the Harrison Act (Narcotics) of 1914, 38 Stat. 785, predecessor of the CSA, under which "physicians who departed from the usual course of medical practice were subject to the same penalties as street pushers with no claim to legitimacy" (423 U.S. at 139, 96 S.Ct. at 344).

In view of this teaching, we note the Supreme Court's declaration in *Jin Fuey Moy v. United States,* 254 U.S. 189, 192, 41 S.Ct. 98, 100, 65 L.Ed. 214 (1920), a Harrison Act case involving conviction of a physician for dispensing large quantities of drugs without adequate physical examinations or instructions for use:

". . . it is easy to see . . . that one may take a principal part in a prohibited sale of an opium derivative belonging to another person by unlawfully issuing a prescription to the would-be purchaser."

*United States v. Bartee,* 479 F.2d 484, 488 (10th Cir. 1973), cited by defendant, while not directly on point, supports the principle that the prescription is the instrument of the crime, as does *United States v. Green,* 511 F.2d 1062, 1072 (7th Cir. 1975), holding in a § 841(a) case that writing the prescription completes all elements of the crime

that would ordinarily be in the control of a physician.

In view of the above, we hold that by placing a prescription for a controlled substance, issued outside of the usual course of medical practice, in the hands of an ultimate user a physician completes the offense of dispensing under 21 U.S.C. § 841(a)(1).

### IV.

The following additional contentions have been carefully considered by the court and rejected:

(1) that there was a failure of proof that defendant issued the prescriptions outside the customary course of medical treatment;[2]

(2) that the classification provisions of the Controlled Substances Act are so vague and indefinite as to be unconstitutional;[3]

(3) that evidence at trial showed that the indictment was improperly obtained;[4]

(4) that defendant was deprived of a fair trial by the improper and prejudicial closing arguments of Government counsel;[5] and

(5) that defendant was deprived of a fair trial by the admission of improper evidence and the charge of the court pertaining thereto.[6]

For the foregoing reasons, the judgment of the district court will be affirmed.

---

2. Appendix at 47a–61a; *United States v. Tighe,* No. 74–204 (M.D.Pa., Aug. 13, 1976), at 13–17 reproduced in appendix at 390a, 402a–406a.

3. *Iske v. United States,* 396 F.2d 28, 31 (10th Cir. 1968).

4. *Costello v. United States,* 350 U.S. 359, 361–62, 76 S.Ct. 406, 100 L.Ed. 397 (1956); *United States v. Calandra,* 414 U.S. 338, 342–45, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); *United States v. Wallace,* 528 F.2d 863, 865 (4th Cir. 1976).

5. *United States v. Tighe, supra* at 18–20, reproduced in appendix at 407a–409a.

6. F.R.Evid. 404(b); *United States v. Stirone,* 262 F.2d 571, 576 (3d Cir. 1959), *rev'd on other grounds,* 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). No objections or requests for amplification were made at the conclusion of the court's charge to the jury, N.T. 306–08, reproduced in appendix at 316a–318a.