**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Howard Eric GENSER,**
**Defendant-Appellant.**

No. 82–2458.

United States Court of Appeals,
Tenth Circuit.

May 24, 1983.

Rehearing Denied Aug. 1, 1983.

Joseph Saint-Veltri, Denver, Colo., for defendant-appellant.

J. Stephen Miller, Asst. U.S. Atty., Denver, Colo. (Robert N. Miller, U.S. Atty., Denver, Colo., with him on the brief), for plaintiff-appellee.

Before HOLLOWAY, DOYLE, and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

This appeal raises an issue of successive prosecutions under the Controlled Substances Act, 21 U.S.C. § 841(a)(1) (1976), in violation of the Double Jeopardy Clause of the Fifth Amendment. Defendant Genser's direct appeal of the lower court's denial of his motion to dismiss on double jeopardy grounds is brought under the doctrine of *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). *See United States v. Hines,* 689 F.2d 934 (10th Cir. 1982). For the reasons set out below, we reverse.

Genser was originally indicted on June 17, 1982, and charged with four counts of "knowingly and intentionally dispens[ing] a controlled substance, to wit: Cocaine, a Schedule II narcotic substance, all in violation of Title 21, United States Code, Section 841(a)(1)," and one count of conspiracy to do the same. As we will discuss more fully, the crime of dispensing controlled substances under section 841(a)(1) is applicable only to "practitioners." Genser is not a "practitioner," and was not one at the time of the alleged offenses.

After the second Government witness had begun her testimony at Genser's non-jury trial on the first indictment, Genser objected to further testimony absent evidence that he was a practitioner and moved to dismiss.[1] The Government conceded that it could not offer such evidence.[2] It argued that proof of one's status as a practitioner was unnecessary to prove illegal dispensing. Alternatively, it contended that distributing was an included offense of dispensing, and that the trial should proceed on that basis. The Government insisted that the indictment was sufficient under its alternative theory to charge the offense of distribution. The trial court disagreed and dismissed the case.

Subsequent to the dismissal, a second indictment was entered against Genser. It was identical to the first, except that the word "distribute" was substituted for the word "dispense." Genser moved to dismiss the second indictment on double jeopardy grounds. The motion was denied, and this appeal followed.

■ Before we turn to Genser's double jeopardy argument, we must first consider the nature of the trial court's dismissal on the first indictment. In *United States v. Scott,* 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978), the Supreme Court identified as one of the "venerable principles of double jeopardy jurisprudence" the proposition that "[t]he successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict ... poses no bar to further prosecution on the same charge." *Id.* 437 U.S. at 90–91, 98 S.Ct. at 2193 (citation omitted). The Court stated that

> "[T]he defendant, by deliberately choosing to seek termination of the proceedings against him on a basis unrelated to factual guilt or innocence of the offense of which he is accused, suffers no injury cognizable under the Double Jeopardy Clause if the Government is permitted to appeal from such a ruling of the trial court in favor of the defendant."

*Id.* at 98–99, 98 S.Ct. at 2198; *cf. Lee v. United States,* 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977) (dismissal during trial of information for failure to sufficiently charge offense did not bar reindictment and second trial for same offense). A trial court's decision terminating trial for lack of evidence, however, does present a bar to subsequent prosecution for the same offense. *Scott,* 437 U.S. at 91, 98 S.Ct. at 2193–94; *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 572, 575, 97 S.Ct. 1349, 1355, 1356–57, 51 L.Ed.2d 642 (1977). The inquiry is whether " 'the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor] ... of some or all of the factual elements

---

1. As this was a trial to the bench, jeopardy attached when the first witness was sworn. *Crist v. Bretz,* 437 U.S. 28, 37 n. 15, 98 S.Ct. 2156, 2162 n. 15, 57 L.Ed.2d 24 (1978).

2. The Government admitted at oral argument in this appeal that the original indictment charged Genser with dispensation solely because of a mistake on the Government's part.

of the offense charged.'" *Scott,* 437 U.S. at 97, 98 S.Ct. at 2197 (quoting *Martin Linen,* 430 U.S. at 571, 97 S.Ct. at 1355)).

In the case before us, the Government does not argue that the trial court's dismissal of the first action was on other than factual grounds. Indeed, the Government conceded in its brief opposing Genser's motion to dismiss the second indictment that

> "[a]lthough the case was 'dismissed,' it is clear from the record that the decision was a factual one—a recognition that the government was unable to prove that the defendant was a dispenser as defined by statute. Thus, the government is of the view that *United States v. Scott . . .,* which holds that jeopardy may not attach to legal dismissals as opposed to factual acquittals, has no applicability here."

Rec., vol. I, at 29 n. 1. Accordingly, we must determine whether the Double Jeopardy Clause protects Genser from a second prosecution.

■ The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The clause " 'protect[s] an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense.'" *Burks v. United States,* 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1978) (quoting *Green v. United States,* 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957)). The provision applies if the offense charged and tried in the first prosecution is identical in law to that charged in the second. *Bell v. Kansas,* 452 F.2d 783, 791–92 (10th Cir.1971), *cert. denied,* 406 U.S. 974, 92 S.Ct. 2421, 32 L.Ed.2d 674 (1972); *see North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). In *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court established the following test: "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is *whether each provision requires proof of a*

*fact which the other does not." Id.* at 304, 52 S.Ct. at 182 (emphasis added). The Court has affirmed the vitality of the *Blockburger* test time and again. *E.g., Albernaz v. United States,* 450 U.S. 333, 337, 101 S.Ct. 1137, 1141, 67 L.Ed.2d 275 (1981); *Illinois v. Vitale,* 447 U.S. 410, 416, 100 S.Ct. 2260, 2265, 65 L.Ed.2d 228 (1980); *Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 2225–26, 53 L.Ed.2d 187 (1977).

The Court has made clear that each offense must contain an element extraneous to the other offense in order to satisfy the *Blockburger* test. In *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), Brown had been convicted of joyriding in violation of an Ohio statute. . He was subsequently convicted under a second Ohio statute for auto theft. Under state law, joyriding was a lesser included offense of auto theft; the only element present in a charge of auto theft that was not present in a joyriding charge was one of intent. *Id.* at 167, 97 S.Ct. at 2226. The second prosecution required proof of an additional element not found in the first. Nevertheless, the two offenses constituted " 'the same statutory offense' " under the Double Jeopardy Clause and the *Blockburger* test. *Id.* at 168, 167 n. 6, 97 S.Ct. at 2226 n. 6. The Court held that prosecution for the lesser included offense barred a later prosecution for the greater.

In *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), the defendant argued that he was the victim of successive prosecutions for a lesser included offense and a greater offense. Reviewing its holding in *Brown,* the Court said that

> "[In *Brown v. Ohio* ], we observed that 'the prosecutor who has established joyriding need only prove the requisite intent in order to establish auto theft.' But we also noted that 'the prosecutor who has established auto theft necessarily has established joyriding as well.'
>
> "Both observations were essential to the *Brown* holding. . . . [I]f proof of the auto theft had not necessarily involved proof of joyriding . . . the successive prosecutions would not have been for the

'same offense' within the meaning of the Double Jeopardy Clause."

*Id.* at 417, 100 S.Ct. at 2265–66 (citations omitted).

We do not believe that the Supreme Court intended its explication of the *Blockburger* test to be limited to cases involving successive greater and lesser included offense prosecutions, and see no reason in logic why it should be so limited. Although the case before us does not, strictly speaking, involve greater and lesser included offenses, we believe the reasoning in *Brown* and *Vitale* is applicable by analogy.

The Tenth Circuit has explicitly adopted the *Blockburger* test.[3] *See United States v. Neal,* 692 F.2d 1296, 1305–06 (10th Cir. 1982); *Wilkett v. United States,* 655 F.2d 1007, 1013 (10th Cir.1981), *cert. denied,* 454 U.S. 1142, 102 S.Ct. 1001, 71 L.Ed.2d 294 (1982). In *United States v. Zwego,* 657 F.2d 248 (10th Cir.1981), *cert. denied,* 455 U.S. 919, 102 S.Ct. 1275, 71 L.Ed.2d 460 (1982), we said that "[t]he established test for determining the identity of offenses is whether 'each count requires proof of a fact or element not required by the other.' " *Id.* at 251 (quoting *Nolan v. United States,* 423 F.2d 1031, 1048 (10th Cir.), *cert. denied,* 400 U.S. 848, 91 S.Ct. 47, 27 L.Ed.2d 85 (1970); *Doherty v. United States,* 193 F.2d 487, 488 (10th Cir.1951)). *See Bell v. Kansas,* 452 F.2d 783 (10th Cir.1971), *cert. denied,* 406 U.S. 974, 92 S.Ct. 2421, 32 L.Ed.2d 674 (1972). The test has occasionally been stated in terms of examining *one* of the offenses charged, *e.g.:* " 'Where one count requires proof of a fact which the other count does not, the separate offenses charged are not identical. . . .' " *United States v. Puckett,* 692 F.2d 663, 667 (10th Cir.) (quoting *Robbins v. United States,* 476

F.2d 26, 32–33 (10th Cir.1973)), *cert. denied,* —— U.S. ——, 103 S.Ct. 579, 74 L.Ed.2d 939 (1982), —— U.S. ——, 103 S.Ct. 1276, 75 L.Ed.2d 497 (1983). However, this formulation was apparently used for syntactic and analytic ease, and it does not represent a departure from the declaration in *Blockburger* that "*each* [offense] requires proof of an additional fact which the other does not," 284 U.S. at 304, 52 S.Ct. at 182 (emphasis added). *See Neal,* 692 F.2d at 1305–06 (recognized *Puckett* and *Robbins* had employed *Blockburger* test).

■ We must decide whether under *Blockburger* the offenses of "distributing" and "dispensing" controlled substances in violation of the Controlled Substances Act are the "same offense" for double jeopardy purposes. The Act provides: "Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally . . . to . . . distribute, or dispense . . . a controlled substance." 21 U.S.C. § 841(a). "Distribute" is defined as meaning "to deliver (other than by administering or dispensing) a controlled substance." *Id.* § 802(11). "Dispense" as defined means "to deliver a controlled substance to an ultimate user or research subject by, or pursuant to the lawful order of, a practitioner." *Id.* § 802(10). A "practitioner" is defined as "a physician, dentist, veterinarian, scientific investigator, pharmacy, hospital, or other person licensed, registered, or otherwise permitted . . . to distribute, dispense . . . or use . . . a controlled substance in the course of professional practice or research." *Id.* § 802(20). The sole difference we perceive between "distribution" and "dispensation" is that only a doctor or other "practitioner" can

---

**3.** Genser urges that we abandon *Blockburger*'s "same evidence" test in favor of a "totality of the circumstances" or "same transaction" test. Brief of the Defendant-Appellant at 5, 7. Under such a test, criminal defendants presumably could not be successively tried for offenses arising out of the same transaction. Contrary to Genser's assertions, however, this court has recently reviewed and rejected the suggestion that the *Blockburger* test be abandoned in favor of the "same transaction" and "totality of

the circumstances" test established in *United States v. Tercero,* 580 F.2d 312, 314–15 (8th Cir.1978) and adopted in *United States v. Jabara,* 644 F.2d 574, 577 (6th Cir.1981). *See United States v. Puckett,* 692 F.2d 663, 667–68 (10th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 579, 74 L.Ed.2d 939 (1982), —— U.S. ——, 103 S.Ct. 1276, 75 L.Ed.2d 497 (1983); *United States v. Hines,* 689 F.2d 934, 937 (10th Cir. 1982).

"dispense" controlled substances, legally or otherwise.

There is disagreement among the circuits concerning whether the Act creates two distinct offenses, "distribution" and "dispensation," or only one, "distribution." [4] The First and Ninth Circuits have taken the view that there is no crime of "dispensation"; rather, a practitioner who delivers a controlled substance outside the course of professional practice is guilty of distribution.[5] See *United States v. Black*, 512 F.2d 864, 866 (9th Cir.1975); *United States v. Badia*, 490 F.2d 296, 298 (1st Cir.1973) (per curiam). The Ninth Circuit has said that by definition, "dispensing" contemplates a delivery pursuant to a lawful order; if the order is not lawful, the practitioner does not "dispense," but instead "distributes." *Black*, 512 F.2d at 866. *Accord United States v. Davis*, 564 F.2d 840, 844–45 (9th Cir.1977), *cert. denied*, 434 U.S. 1015, 98 S.Ct. 733, 54 L.Ed.2d 760 (1978); *United States v. Rosenberg*, 515 F.2d 190, 200 (9th Cir.1975), *cert. denied*, 423 U.S. 1031, 96 S.Ct. 562, 46 L.Ed.2d 404 (1976).

On the other hand, the Third and Seventh Circuits have held that a practitioner who dispenses a controlled substance not in the course of professional practice is guilty of dispensation in violation of section 841(a)(1). *United States v. Roya*, 574 F.2d 386, 393 (7th Cir.), *cert. denied*, 439 U.S. 857, 99 S.Ct. 172, 58 L.Ed.2d 165 (1978); *United States v. Tighe*, 551 F.2d 18, 21 (3d Cir.), *cert. denied*, 434 U.S. 823, 98 S.Ct. 68, 54 L.Ed.2d 80 (1977).

The Fifth Circuit has affirmed the dismissal of a practitioner's indictment for distribution on the grounds that it failed to charge an offense, *United States v. Leigh*, 487 F.2d 206, 208 (5th Cir.1973), and has affirmed a conviction for illegal dispensation, *United States v. Rogers*, 609 F.2d 834, 839 (5th Cir.1980). In *United States v. Dunbar*, 614 F.2d 39, 41 (5th Cir.) (per curiam), *cert. denied*, 447 U.S. 926, 100 S.Ct. 3022, 65 L.Ed.2d 1120 (1980), however, the circuit affirmed a practitioner's conviction for distribution. In several cases, the Fifth Circuit has indicated that a practitioner may be convicted for either distribution or dispensation. See *id.*; *United States v. Harrison*, 651 F.2d 353, 354 & n. 1 (5th Cir.), *cert. denied*, 454 U.S. 1126, 102 S.Ct. 975, 71 L.Ed.2d 113 (1981); *United States v. Thompson*, 624 F.2d 740, 742 & n. 2 (5th Cir.1980).

In *United States v. Ellzey*, 527 F.2d 1306 (6th Cir.1976), the Sixth Circuit upheld an indictment that charged a doctor with "'distributing' rather than dispensing." The court dismissed the defendant's contention that he should have been charged with "dispensing" as "merely a play on words." *Id.* at 1308.

In the Tenth Circuit, we have affirmed practitioners' convictions both for distribution and for dispensation. See *United States v. Smurthwaite*, 590 F.2d 889 (10th Cir.1979) (counts of "dispensing and distributing"); *United States v. Fellman*, 549 F.2d 181, 182–83 (10th Cir.1977) (per curiam) (distributing); *United States v. Jobe*, 487 F.2d 268, 269 (10th Cir.1973), *cert. denied*, 416 U.S. 955, 94 S.Ct. 1968, 40 L.Ed.2d 305 (1974) (distributing); *United States v. Bartee*, 479 F.2d 484, 488 (10th Cir.1973) (dispensing). Although we have acknowledged that the Controlled Substances Act "is not a model of clarity in this respect," *Jobe*, 487 F.2d at 269, we have rejected a defendant's attempt to

"create a hyper-technical distinction between the terms *dispense* and *distribute* which have no functional difference in the context of this case. In essence, *dis-*

---

4. In *United States v. Moore*, 423 U.S. 122, 96 S.Ct. 335, 46 L.Ed.2d 333 (1975), the Supreme Court held that "registered physicians can be prosecuted under § 841 when their activities fall outside the usual course of professional practice." *Id.* at 124, 96 S.Ct. at 337. Although Moore had been indicted for "unlawful distribution and dispensation," the Court did not comment upon the indictment's language.

*Moore* thus provides us no guidance in this appeal.

5. Indeed, in at least one case the Government conceded that there is no crime of "dispensation" under the Act. See *United States v. Badia*, 490 F.2d 296, 298 (1st Cir.1973).

*pensing* as defined within the Act, is the delivery of a controlled substance pursuant to the lawful order of a practitioner, i.e. within the usual course of professional practice. § 802(10) and (20). Similarly, *distributing* is also the delivery of a controlled substance. § 802(11)

" . . .

"The Supreme Court's opinion in *Moore* leaves little, if any, doubt that physicians may be prosecuted for *both* unlawful dispensing and distributing when their activities go beyond the usual course of professional practice."

*Fellman,* 549 F.2d at 182–83 (emphasis in original).

The resolution of the issue whether "distribution" and "dispensation" are the "same offense" for double jeopardy purposes is guided by our remarks in *Fellman.* Other than the status of the offender, the proscribed acts appear essentially identical: both involve the delivery of a controlled substance. To prove the crime of distribution, the Government must show knowing or intentional delivery of a controlled substance. To prove the crime of dispensation, the government must show knowing or intentional delivery of a controlled substance by a *practitioner. Bartee,* 479 F.2d at 487–88. *See United States v. Varma,* 691 F.2d 460, 462 (10th Cir.1982); *United States v. Rogers,* 609 F.2d 834, 839 (5th Cir.1980).

Thus there is only one element not present in both offenses—that of status, which must be proved in a prosecution for "dispensation." "Distribution" contains no element not present in "dispensation." Consequently, the two offenses fail to meet the requirements of the *Blockburger* test, as explained in *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1975) and *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). *See also Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) (per curiam). "Distribution" and "dispensation" are the "same offense" for the purposes of the Double Jeopardy Clause.[6]

Accordingly, we hold that Genser's prosecution for distribution is barred by the earlier prosecution for dispensation. We reverse and remand to the trial court with directions to dismiss the indictment.

WILLIAM E. DOYLE, Circuit Judge, dissenting.

I respectfully dissent.

My position goes to the very heart of the problem. I view the statute which is quoted below in the footnote as setting forth two distinct charges.[1] The effort of the majority opinion is to convince us that the offense in Title 21 U.S.C. § 802(10), (11) describes identically the same offense.[2] In

---

**6.** In *United States v. Varma,* 691 F.2d 460 (10th Cir.1982), we assumed sub silentio that an indictment for "dispensing and distributing" charged but one offense. *See id.* at 461. We draw further support for our conclusion of double jeopardy from the case law of the Fifth Circuit. In *United States v. Thompson,* 624 F.2d 740, 742 n. 2 (5th Cir.1980), the court stated that even if "distributing" were the proper phrase for an indictment, a doctor charged with "dispensing" would suffer no prejudice from the mistake, in part because he could not be tried a second time on the same set of circumstances. *See also United States v. Hicks,* 529 F.2d 841, 844 (5th Cir.1976) (where indictment charged both "dispensation" and "distribution," trial court's requirement that government elect one offense remedied the duplicitous charges), *cert. denied,* 429 U.S. 856, 97 S.Ct. 154, 50 L.Ed.2d 133 (1977); *United States v. Ellzey,* 527 F.2d 1306, 1308 (6th Cir.1976).

**1.** § 841 provides in part:

(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

(2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

**2.** § 802 provides in part:

(10) The term "dispense means to deliver a controlled substance to an ultimate user or research subject by, or pursuant to the lawful order of, a practitioner, including the prescribing and administering of a controlled substance and the packaging, labeling, or compounding necessary to prepare the substance for such delivery. The term "dispenser" means a practitioner who so delivers a controlled substance to an ultimate user or research subject.

other words the contention is that the offense of dispensing is essentially the same as the offense of distribution, and the offense of distribution is the same as the offense of dispensing.

To my way of thinking (which may well be faulty) this position does not tolerate analysis and conclusion. This defendant was called up for trial on a charge which alleged that he had dispensed a controlled substance, to-wit, cocaine. The United States Attorney, after having commenced the trial and after having called two witnesses, discovered the inadequacy of the charge because of the fact that the defendant was not a physician or was not related in any professional way with being a physician. At most he was a plain distributor of drugs—controlled substances.

Promptly the defendant (who was represented by able counsel) moved to dismiss the indictment because the defendant could not possibly be shown to have committed the offense of dispensing drugs. The defendant had not reached that stage in the handling of drugs. He was a mere distributor. When this matter was called to the attention of the trial judge by the attorney for the defendant, the judge said:

> Based on my recollection, that court at least used the standard test to find that one portion, 841(a)(1), is not a lesser included offense, and the other portion, since they have equal penalties * * *.

The judge further said:

> [b]ut there was an additional element, that each could be proven without proving the other. But I am persuaded by your point regarding the fundamental fairness in the notice aspect of due process. If the government is going to charge someone with an offense, that's got to be so that the person knows what he or she is charged with and knows how to prepare the defense for that particular charge.

Here, the charge is dispensing, not distributing. Seems to me, since there is a

separate statutory scheme for each of these two offenses, it would be a denial of the fundamental due process in the sense of fair notice to uphold an indictment which intends—if the government had intended to charge distribution in this matter, knowing and understanding fully what they were doing, I can't imagine that they would have done it this way. I think this is an unfortunate oversight in drafting the pleadings in the matter, and it's a technicality, but, nevertheless, what some people consider technicalities other people have defined as constitutional rights, and the people that did the defining are the people who wrote the Constitution.

So, since I'm sworn to uphold the Constitution, including the due process provisions, it seems to me unfair to try to stretch or—stretch the statutory language or to interpret it as having a meaning other than its natural direct meaning. There's no reason in the world why in a distribution case like this one, the government can't file an indictment that charges distribution in the plain and simple language of the statute rather than charging dispensing, which is a different offense intended to provide a way of prosecuting a particular class of defendants, of whom this is not one, and therefore that motion is denied.

As I view it, the trial judge was correct. The charge which was prepared by the United States Attorney and filed, and on which the defendant was brought to trial was so substantially different from the charge of distribution of drugs that it was apparent from the outset that there never could be a conviction on it. These two offenses are as different as larceny and embezzlement. Thus, the dispensation charge can only be proven by showing that the defendant is a doctor, or something akin to a doctor, and that he has prescribed the drug for medical purposes. It is a different and, indeed, a stealthy crime. It is impossi-

---

(11) The term "distribute" means to deliver (other than by administering or dispensing) a controlled substance. The term "distributor" means a person who so delivers a controlled substance.

ble to say that dispensing is the same as distributing or that distributing is the same as dispensing.

My conclusion is that the court in relation to this defendant had no jurisdiction to go further than it went in the case and it was exactly right. It dismissed on the motion of the defendant.

But to say this ends the entire matter does not give recognition to the facts and it ignores the law, also. Accordingly, my conclusion is that this *Abney* appeal has to be resolved against the defendant-appellant.

The decision of the Supreme Court in *Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973), furnishes support for the position discussed above. There, the jury was impanelled and sworn. The district attorney thereafter realized that the indictment was deficient in that it failed to allege the intent factor and the court concluded that further proceedings under the defective indictment would be useless and granted a mistrial therefor. The defendant objected but the prosecution nevertheless pursued the matter. The court granted the motion.

The grand jury returned a second indictment which alleged the requisite intent. Somerville objected to trial on the second indictment intending that double jeopardy precluded such a trial. The Supreme Court's ruling was that since the defect in the indictment could not, under Illinois law, be cured by amendment, the defect was necessarily "jurisdictional." 410 U.S. at 460, 93 S.Ct. at 1068. Thus, the holding of the Court was that the declaration of the mistrial was dictated by "manifest necessity" and was not an abuse of discretion. The declaring of the mistrial, the Court found, aborted a proceeding which would have produced a verdict which could have been upset at will by one of the parties. The Court indicated that Somerville's desire to proceed to verdict was outweighed by the competing demand for public justice.

In view of the fact that the first trial was a nullity, the Court concluded that the second trial was valid and rejected the double jeopardy claim. In the *Somerville* case,

the lack of a knowledge of specific intent in relationship to the facts of the case rendered the indictment so defective as to be invalid. Similarly in the case at bar this same kind of jurisdictional deficiency is present.

My conclusion is that the cause must be remanded to the district court with instructions to the court to proceed with the trial on the distribution charge. The fact that this was an oversight or omission or a mistake does not contribute to the position of the United States here. No matter how it came about, when the pleadings and the other facts are boiled down, it has to be concluded that there were distinct crimes— crimes which Congress recognized as distinct and crimes which, as a matter of practicality, are distinct.