19 F.3d 1435
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie J. WILLIAMS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1259.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 Before: JONES, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court order denying his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. He moves for leave to proceed in forma pauperis and for the appointment of counsel. Respondent has filed a motion to dismiss. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial, Willie J. Williams was convicted of conspiracy to illegally distribute prescription drugs in violation of 21 U.S.C. Secs. 841(a)(1) and 846. He was sentenced to serve six years of imprisonment and to pay a $15,000 fine. Additionally, a motor home owned by his pharmacy, Dort Prescription Center, was forfeited pursuant to 21 U.S.C. Sec. 853. The conviction and forfeiture were affirmed on appeal. United States v. Gurley, Nos. 89-2384/89-2418/90-1071 (6th Cir. Nov. 13, 1990) (per curiam), cert. denied, 498 U.S. 1101 and 499 U.S. 949 (1991).
 
 
 3
 In a motion to vacate sentence, Williams challenged his conviction and sentence based on the ineffective assistance of counsel and other alleged constitutional violations. The motion was denied. On appeal, a panel of the Sixth Circuit determined that the district court's failure to make findings of fact or conclusions of law required remand for further consideration of at least some of the petitioner's claims. Williams v. United States, No. 92-1990 (6th Cir. Dec. 23, 1992) (unpublished per curiam).
 
 
 4
 On remand, the district court again denied the motion to vacate sentence. On respondent's motion, the district court certified that an appeal would not be taken in good faith. 28 U.S.C. Sec. 1915(a).
 
 
 5
 Upon review, we conclude that the motion to vacate sentence was properly denied. Williams has not shown a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 6
 Williams is not entitled to review under Sec. 2255 of claims he could have presented on direct appeal unless he demonstrates cause for and actual prejudice from his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982). Absent an intervening change in the law of a circuit, Williams also is barred from raising any claims in his Sec. 2255 motion that were previously considered on appeal. See United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam). Claims of ineffective assistance of counsel, however, are usually not cognizable in a direct criminal appeal and so are properly raised in a Sec. 2255 proceeding. See United States v. Goodlett, 3 F.3d 976, 980 (6th Cir.1993).
 
 
 7
 Williams is not entitled to review of his first assignment of error, that the indictment was faulty, because he has not demonstrated cause for and actual prejudice from his failure to challenge the indictment on direct appeal. See Frady, 456 U.S. at 167. Even if Williams were able to establish cause for failing to object to the indictment in the trial court or on appeal, he cannot show prejudice. That an indictment charges a pharmacist or doctor with unlawful "distributing" rather than "dispensing" results in harmless error. United States v. Nechy, 827 F.2d 1161, 1169 (7th Cir.1987); see also United States v. Ellzey, 527 F.2d 1306, 1308 (6th Cir.1976) (per curiam).
 
 
 8
 Similarly, Williams has not demonstrated that prejudice resulted from the alleged prosecutorial misconduct. His allegations of selective prosecution do not establish that the decision to prosecute was based on an impermissible motive. See Wayte v. United States, 470 U.S. 598, 607-08 (1985). Moreover, his allegations of perjured testimony are based only on inconsistencies in testimony by the witnesses and do not demonstrate that the prosecution knowingly relied on perjured testimony in violation of Williams's rights. See United States v. Lochmondy, 890 F.2d 817, 822 (6th Cir.1989).
 
 
 9
 The allegation of a Miranda violation also is unavailing. The sole remedy for Miranda violations is the suppression of statements derived from the failure to issue Miranda warnings. See United States v. Sangineto-Miranda, 859 F.2d 1501, 1515-16 (6th Cir.1988). Because Williams has not identified any statement to which Miranda would apply or demonstrated that any such statement was used against him at trial, he has not alleged a basis for relief.
 
 
 10
 The challenge to the district court's rulings pertaining to the admissibility and exclusion of certain documents was addressed on direct appeal and cannot be relitigated in his motion to vacate. See Prichard, 875 F.2d at 790-91. Williams's claim concerning the jury instructions is not subject to review because it too was resolved on direct appeal. See id.
 
 
 11
 The allegations of ineffective assistance of counsel lack merit. To prevail on a claim of ineffective assistance, a petitioner must establish a deficiency of counsel's performance and, but for the deficiency, a reasonable probability of a different outcome. Strickland v. Washington, 466 U.S. 668, 687 (1984). Notwithstanding his numerous allegations of counsel error, Williams cannot, in light of the overwhelming evidence of guilt, see Gurley, slip op. at 6-7, show the necessary prejudice. See United States v. Bavers, 787 F.2d 1022, 1030 (6th Cir.1985).
 
 
 12
 Accordingly, the motion for appointment of counsel and the motion to dismiss the appeal are denied. The motion for pauper status is granted for the purpose of disposing of this appeal, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.