**UNITED STATES of America, Plaintiff-Appellant,**

**v.**

**Henry Thomas LEIGH, M.D., Defendant-Appellee.**

**No. 73–1615.**

United States Court of Appeals, Fifth Circuit.

Nov. 8, 1973.

Rehearing and Rehearing En Banc Denied Jan. 11, 1974.

causing the same to be distributed, 18 U.S.C., § 2(b)".

Each of the counts described the defendant as a medical doctor (M.D.) and charged that he "did knowingly and intentionally distribute and cause to be distributed [the particular prohibited substance] by means of a prescription signed by said defendant".[1]

In essence the defendant was charged with the basic offense of unlawfully distributing controlled substances, 21 U.S.C., § 841(a)(1). The additional charge that he caused it to be done rests on the general statute defining principals: "Whoever wilfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a crime"; 18 U.S.C., § 2(b). Therefore, the whole matter comes right back to unlawful distribution.

On motion of the defendant the District Court dismissed the indictment for failure to charge an offense, Rule 12(b)(2) F.R.Cr.P.

The United States appeals the dismissal. We affirm.

It has been decided that a doctor can be indicted, tried, and convicted for the unlawful dispensing of a controlled substance, if his prescription is not for a legitimate medical purpose in the usual course of his professional practice, United States v. Bartee, 10 Cir., 1973, 479 F.2d 484, 487.

The appellee, however, has not been indicted for unlawful dispensing. The charge is unlawful "distribution".

One hundred and sixty years ago Mr. Chief Justice Marshall wrote that an indictment must specify the crime which is to be proved, that the conduct alleged must be an offense against the law, and

William S. Sessions, U. S. Atty., Wayne F. Speck, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellant.

Leland D. Sutton, Odessa, Tex., John R. Lee, Kermit, Tex., for defendant-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

COLEMAN, Circuit Judge:

Henry Thomas Leigh is a duly licensed doctor of medicine and since December 15, 1959 has practiced as such in Andrews, Texas.

On October 16, 1972 he was indicted in multiple counts for "knowingly and intentionally distributing controlled substances, 21 U.S.C., § 841(a)(1), and for

1. Count 1 is a fair sample of all the counts in the indictment:
"That on or about June 21, 1971, within the Midland/Odessa Division of the Western District of Texas, HENRY THOMAS LEIGH, M.D., did knowingly and intentionally distribute and cause to be distributed approximately 30 Tuinal capsules, a Schedule III controlled substance by the means of a prescription signed by said defendant dated 6/21/71 with the name 'Ed Wilson' following the printed word 'for' on same."

that one may not be charged with one crime and convicted of another, The Schooner Hoppet & Cargo v. United States, 7 Cranch 389, 11 U.S. 389, 3 L. Ed. 380.

This leads to an examination of the statutory definitions of what constitutes distributing and dispensing controlled substances.

Section 841(a)(1) of 21 U.S.C. begins by saying that:

"Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or"

It will be noted that the activities separately referred to in this section are: (1) "manufacture", (2) "distribute", and (3) "dispense". A fourth factor is possession with the intent to do any of the three.

Section 802(10) of 21 U.S.C. defines the word "dispense":

"The term 'dispense' means to deliver a controlled substance to an ultimate user or research subject by, or pursuant to the lawful order of, a practitioner, including the prescribing and administering of a controlled substance, and the packaging, labeling, or compounding necessary to prepare the substance for such delivery. The term 'dispenser' means a practitioner who so delivers a controlled substance to an ultimate user or research subject."

 This clearly means that a doctor who administers or prescribes a controlled substance is, for the purposes of the statute, dispensing it, although as *Bartee, supra,* points out, if he performs that function in an unlawful manner he may be indicted, tried and convicted for it.

This view is buttressed by the provisions of 21 U.S.C., § 802(11), defining "distribute":

"The term 'distribute' means to deliver (other than by administering or dispensing) a controlled substance. The term 'distributor' means a person who so delivers a controlled substance."

Obviously, the specific language "other than by administering or dispensing" is not to be ignored.

The conclusion is inescapable, we believe, that the indictment as drawn fails to charge an offense within the terms of the applicable statutes. We note that the District Court continued the doctor under bail to allow the return of another indictment if one should be considered justified.

The Judgment of the District Court is Affirmed.