**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William George DUNBAR, M. D.,
Defendant-Appellant.**

**Nos. 78–1602, 78–5050.**

United States Court of Appeals,
Fifth Circuit.

Feb. 28, 1980.

Randall M. Clark, Brunswick, Ga., for defendant-appellant.

Wm. T. Moore, Jr., U. S. Atty., Katherine L. Henry, William H. McAbee, II, Asst. U. S. Attys., Savannah, Ga., Wade Livingston, c/o William C. Bryson, Washington, D. C., for plaintiff-appellee.

Before COLEMAN, Chief Judge, WISDOM and RONEY, Circuit Judges.

PER CURIAM:

William George Dunbar, a doctor, was convicted by a jury on five counts of distributing a controlled substance, by means of a prescription not in the usual course of medical practice. 21 U.S.C.A. § 841(a)(1). A panel of this Court vacated his convictions on the ground that Dunbar's filing of a notice of appeal from the district court's denial of a double jeopardy motion divested that court of jurisdiction to try him pending the appeal. *United States v. Dunbar,* 591 F.2d 1190 (5th Cir. 1979).

Dunbar had asserted in his double jeopardy motion that the same evidence used to obtain his prior conviction for conspiracy, which this Court affirmed in *United States v. Dunbar,* 590 F.2d 1340 (5th Cir. 1979), would be used again in the trial on the substantive charges.

On rehearing *en banc,* the Court reached a result contrary to the panel decision as to the district court's jurisdiction to try Dunbar on the substantive charges despite his filing of a notice of appeal from the denial of his double jeopardy plea. 611 F.2d 985 (5th Cir. 1980). The *en banc* Court agreed with the panel that Dunbar's double jeopardy motion was frivolous. Thus affirming the district court's denial of the double jeopardy motion, and holding the trial was not defective for want of jurisdiction, the *en banc* Court remanded the case to this panel for disposition of Dunbar's other claims of error on appeal. We affirm his convictions.

I.

Dunbar addresses several arguments to the criminal statute under which he was convicted. Prior precedent requires rejection of each argument.

On his conspiracy appeal this Court rejected the argument that authority to designate Schedule II controlled substances was unconstitutionally delegated to the Attorney General. *United States v. Dunbar,* 590 F.2d at 1342, *citing United States v. Gordon,* 580 F.2d 827, 837–41 (5th Cir. 1978), *cert. denied,* 439 U.S. 1051, 99 S.Ct. 731, 58 L.Ed.2d 711 (1978), 439 U.S. 1079, 99 S.Ct. 2060, 60 L.Ed.2d 665 (1979).

■ A licensed medical doctor can be prosecuted for the distribution or dispensation of Schedule II controlled substances outside the usual course of professional practice. *United States v. Moore,* 423 U.S. 122, 96 S.Ct. 335, 46 L.Ed.2d 333 (1975).

■ Both hydromorphone, marketed as Dilaudid, and dextroamphetamine, marketed as Eskatrol, are Schedule II controlled substances. Although not specifically listed in the applicable regulations, hydromorphone falls within the definition of 21 C.F.R. § 1308.12(b)(1) (1977) and dextroamphetamine within the definition of 21 C.F.R. § 1308.12(d) (1977). The Government's expert witness testified that each drug is a Schedule II controlled substance. Crimes involving their distribution have been prosecuted accordingly. *See, e. g., United States v. Hayes,* 595 F.2d 258, 259 (5th Cir.), *cert. denied,* —— U.S. ——, 100 S.Ct. 138, 62 L.Ed.2d 89 (1979); *United States v. Rosenberg,* 515 F.2d 190, 191–92 n.1 (9th Cir.), *cert. denied,* 423 U.S. 1031, 96 S.Ct. 562, 46 L.Ed.2d 404 (1975).

II.

Dunbar's challenges to evidentiary rulings of the trial court are without merit.

■ The trial court did not err in admitting evidence of an alleged drug transaction with which Dunbar was not charged. Evidence of an extrinsic offense is admissible if it is relevant to an issue other than defendant's character and if its probative value is not substantially outweighed by any improper prejudicial impact. *United*

States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc), cert. denied, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979); see Fed.R.Evid. 403, 404(b). Because the alleged extrinsic offense was virtually identical to the crimes charged in the indictment, the evidence was highly relevant on the issues of intent and method of operation. See United States v. Beechum, 582 F.2d at 911; United States v. Hitsman, 604 F.2d 443, 448 (5th Cir. 1979). Moreover, the similarity and temporal proximity of the extrinsic offense and the charged crimes confirm the trial court did not abuse its discretion in concluding that the probative value of the evidence was not substantially outweighed by any improper prejudicial effect. United States v. Beechum, 582 F.2d at 915.

■ Nor did the trial court err in admitting the tape recording of a conversation between Dunbar and an undercover agent in which possible future transactions involving marijuana and cocaine were discussed. United States v. Dunbar, 590 F.2d at 1342. The conversation was probative of defendant's willingness to distribute drugs unlawfully and its value in proving intent outweighed any improper prejudice.

### III.

■ Dunbar's motion for a directed verdict of acquittal was properly denied. To gain access to defendant, the agent made false subjective complaints about physical ailments. Dunbar failed to examine the agent before writing the prescriptions underlying the indictment. The drugs prescribed would not have been appropriate in the treatment of the claimed ailments except possibly on one occasion, when the agent told defendant he was not sick but only sought the drugs for later sale. The evidence sufficiently established that Dunbar's issuance of prescriptions was not in the usual course of medical practice.

### IV.

■ The trial court's jury instructions did not improperly shift the burden of proof to defendant. See United States v. Chi-

antese, 560 F.2d 1244, 1255–56 (5th Cir. 1977) (en banc), cert. denied, 441 U.S. 922, 99 S.Ct. 2030, 60 L.Ed.2d 395 (1979). The instructions fully complied with Chiantese by charging the jury not that it could "presume" intent, but rather that it could "infer" intent. United States v. Dunbar, 590 F.2d at 1344.

AFFIRMED.