UNITED STATES of America,
Plaintiff–Appellee,

v.

Jim T. HARRISON, Jr.,
Defendant–Appellant.

No. 80–7416
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Oct. 24, 1980.

Hylton B. Dupree, Jr., Marietta, Ga., J. Bernard Knight, Jr., Atlanta, Ga., for defendant–appellant.

Janet F. King, Asst. U. S. Atty., Atlanta, Ga., for plaintiff–appellee.

---

Before GODBOLD, KRAVITCH and HATCHETT, Circuit Judges.

GODBOLD, Circuit Judge:

Appellant is a doctor of osteopathics, authorized under Georgia law to perform the same services as a medical doctor. He was indicted on 37 counts of distributing controlled substances in violation of 21 U.S.C. § 841(a)(1) and 21 C.F.R. § 1306.[1] He appeals from his conviction by a jury on 33 of the 37 counts. We agree with appellant that this case is controlled by *U. S. v. Leigh*, 487 F.2d 206 (5th Cir. 1973), and we accordingly reverse with directions to dismiss the indictment.

Section 841(a)(1) of 21 U.S.C. makes it unlawful "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." In *Leigh*, this Court held that, under the definitions of the terms "dispense" and "distribute" in 21 U.S.C. §§ 802(10) and (11), "a doctor who administers or prescribes a controlled substance is, for the purpose of the statute, *dispensing* it," *Leigh*, 487 F.2d at 208 (emphasis added), and affirmed the dismissal of an indictment charging a doctor with "distributing" rather than "dispensing" a controlled substance.

The government argues that "decisions subsequent to *Leigh* have rendered *Leigh* of dubious precedential value," citing *U. S. v. Moore*, 423 U.S. 122, 96 S.Ct. 335, 46 L.Ed.2d 333 (1975); *U. S. v. Dunbar*, 614 F.2d 39 (5th Cir. 1980); and *U. S. v. Greenfield*, 574 F.2d 305 (5th Cir.), *cert. denied*, 439 U.S. 860, 99 S.Ct. 178, 58 L.Ed.2d 168 (1978). We must disagree. In *Moore*, the Supreme Court held that the provisions of 21 U.S.C. §§ 842 and 843, which apply specifically to persons registered under 21 U.S.C. § 822, and which provide lesser penalties than does § 841, do not imply an exemption from § 841 for physicians and other registrants. Although the government relies on the Supreme Court's statement of the issue as "whether persons who are registered under the Controlled Substances Act . . . can be prosecuted under § 841 for dispensing or distributing controlled substances," *Moore*, 423 U.S. at 124, 96 S.Ct. at 337, 46 L.Ed.2d at 337, that case did not address the question whether a physician is properly charged with "dispensing" or "distributing." Similarly, although both *Dunbar* and *Greenfield* upheld convictions of physicians for "distributing" controlled substances, neither case considered the issue presented here. Moreover, this Court only recently reaffirmed the holding of *Leigh* in dictum in *U. S. v. Thompson*, 624 F.2d 740, 742 (5th Cir. 1980) (affirming physician's conviction for "dispensing" controlled substances): "Precedent in this circuit establishes that, under Title 21 of the Code, a doctor who administers or prescribes a controlled substance in an unlawful manner is to be indicted for dispensing it rather than distributing it. *U. S. v. Leigh*."

Appellant also challenges the procedure by which the trial judge took judicial notice of the schedules of controlled substances listed in 21 C.F.R. § 1306 and the sufficiency of the evidence to support his conviction on counts 15 through 27. Because of our disposition of appellant's challenge to the indictment, we need not consider these objections.

REVERSED.

---

1. Count I is representative of the other counts of the indictment:

On or about the 22nd day of March, 1977, within the Northern District of Georgia, the defendant JIM T. HARRISON, JR., did unlawfully and knowingly *distribute and cause to be distributed* a Schedule III controlled substance, that is Didrex (Benzphetamine hydrochloride) pursuant to a prescription numbered 156753, for other than a legitimate medical purpose and not in the usual course of professional practice, in violation of Title 21, United States Code, Section 841(a)(1) and Title 21, C.F.R., Section 1306. (Emphasis added.)