UNITED STATES of America

v.

**William Eugene EDWARDS.**

**Crim. No. 81–00019–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

May 28, 1981.

Patricia A. Kerwin, Asst. U.S. Atty., Richmond, Va., for plaintiff.

George W. Warren, IV, Montpelier, Va., for defendant.

## MEMORANDUM & ORDER

WARRINER, District Judge.

On 6 May 1981 defendant filed a motion for reconsideration of the Court's ruling of 5 May 1981, excluding the proposed testimony of an expert witness for the defense, pursuant to Fed.R.Crim.P. 12.2(d), for failure of defendant to give notice to the Government of his intent to introduce expert testimony relating to his mental state, as required under Fed.R.Crim.P. 12.2(b). Defendant contended that instead of excluding the testimony, the Court should grant a continuance so that the Government could consult its own expert and arrange for an examination of defendant pursuant to Rule 12.2(c). Defendant represented to the Court that the Government neither joined in nor opposed the motion; that the Government did not desire an opportunity to respond to the motion; and, that the Government agreed that the Court should summarily dispose of the motion pursuant to Local Rule 27(D). Due to the imminence of trial, scheduled to commence 7 May 1981, the Court notified the parties by telephone that the motion for reconsideration had been denied and that a written opinion would follow.

On 9 May 1980, after hearing all of the evidence, a jury acquitted defendant of all charges. Therefore, the issuance of a written opinion at this point is primarily for the purpose of explaining to the parties the reason for the Court's ruling. The issue, however, is not insignificant and there is scant authority on the question presented.

### I.

The defendant, who was indicted on three counts of federal tax evasion, 26 U.S.C. § 7201, filed a motion on 22 April 1981 to suppress any verbal or written statements made by defendant in response to questions by IRS agents during the course of the investigation of this matter. The basis for defendant's motion, generally speaking, was that he lacked the mental competence to understand the import and nature of the inquiries being made and was likewise incapable of fully understanding his right not to respond to such inquiries. In its response, the Government expressed concern about defendant's allegations as to his mental competence and requested that, if defendant's motion to suppress be denied, defendant should be estopped from raising such a defense at trial because of his failure to give notice as required by Fed.R.Crim.P. 12.2(b).[1]

---

1. Fed.R.Crim.P. 12.2(b) reads as follows:

    If a defendant intends to introduce expert testimony relating to a mental disease, de-

fect, or other condition bearing upon the issue of whether he had the mental state required for the offense charged, he shall, with-

A hearing on defendant's motion to suppress was scheduled for 5 May. However, defense counsel notified the Court orally on 4 May that he had obtained certain information which negated the grounds for defendant's motion to suppress. Thus, the hearing was cancelled. The Government, nevertheless, filed a motion for a ruling on the sufficiency, under Rule 12.2(b), of defendant's notice of his intention to introduce expert testimony relating to his mental state if such were defendant's intent.

The parties were heard on the Government's motion on 5 May. At that time the Government informed the Court that defendant had subpoenaed one Dr. Donald Bruce, a clinical psychologist, to testify at trial. It was the Government's position that if the defendant intended for Dr. Bruce to testify to defendant's mental state, as the Government suspected, such testimony should be excluded because defendant had failed to comply with the notice requirements of Rule 12.2(b). In the alternative, the Government moved for a continuance to allow the Government to have defendant examined, pursuant to Rule 12.2(c), by its own expert and to have an opportunity to call such expert to testify.

In response, defendant's primary argument was that his intended defense was outside the ambit of Rule 12.2(b). He said his defense was simply that defendant was too stupid willfully to violate the Internal Revenue Code and that the expert would testify as to defendant's stupidity. Assuming that he might be incorrect as to this contention, defendant's secondary argument was that the statements made in the motion to suppress constituted sufficient notice under Rule 12.2(b) of his intention to present an expert witness on a mental competence defense. The Court rejected both arguments.

With respect to the first argument, defendant contended that he was not positing a defense under Rule 12.2(b) based on "a mental disease, defect, or other condition bearing upon the issue of whether [defendant] had the mental state required for the offense charged...." Indeed, defendant conceded that he had sufficient mental capacity to commit intentionally the crimes charged. Rather, the contemplated defense would be whether defendant had sufficient intellectual capacity to understand the intricacies of federal income tax reporting requirements to enable him to knowingly and wilfully attempt to evade and defeat the payment of the lawful tax. It was defendant's position that due to his limited education, background and experience, and his alleged cultural deficiencies, he lacked the wherewithal to perpetrate the evasion of his federal income tax. To this end, defendant intended to call Dr. Bruce to testify as to his findings with respect to defendant's intellectual capacity based upon certain tests and examinations conducted by him on the defendant.

■ At oral argument, defendant represented to the Court that there was no authority either way on whether such a defense constituted an "other condition bearing upon the issue of whether [defendant] had the mental state required for the offense charged." The Court, therefore, specifically asked defense counsel to explain how a defense of diminished "intellectual capacity," or in a word—"stupidity," could be anything but an "other condition" within the meaning of Rule 12.2(b). Defense counsel was unable to do so. Accordingly, based upon the simple language of the Rule, the Court concluded that a defense of "stupidity" was an "other condition" for purposes of Rule 12.2(b).[2]

in the time provided for the filing of pretrial motions or at such later time as the court may direct, notify the attorney for the government in writing of such intention and file a copy of such notice with the clerk. The court may for cause shown allow late filing of the notice or grant additional time to the parties to prepare for trial or make such other order as may be appropriate.

2. For a decision indicating the correctness of this ruling, see *United States v. Hill*, 481 F.Supp. 558, 562, 562 n.3 (E.D.Pa.1979), discussed in Part II, infra.

■ With respect to defendant's secondary argument—that the motion to suppress constituted sufficient notice under Rule 12.-2(b)—the Court was of the opinion that the time-related reference to defendant's mental capacity in the motion to suppress would indicate to any reasonable attorney that defendant was *not* going to present a mental condition defense under Rule 12.2(b). The motion to suppress related to defendant's mental capacity at the time of several pretrial interviews by IRS agents. There was no indication in the motion that defendant's mental capacity at the time of the alleged offenses was anything but sound. At best, the Court concluded, defendant could only expect the Government to be suspicious, as was the case here, of a Rule 12.2(b) defense arising at trial. Moreover, the motion having been unilaterally withdrawn, it was inconceivable that defendant could have expected the Government to act upon the allegations therein. Furthermore, the Court believed that Rule 12.2(b) did not contemplate such subtle notice of an intention to present expert testimony relating to a mental state or condition. Rather, the Rule contemplates express, forthright notice to the Government of such an intention. In this regard, the Rule provides:

> [Defendant] shall, within the time provided for the filing of pretrial motions or at such later time as the court may direct, notify the attorney for the government in writing of such intention and file a copy of such notice with the clerk.

For these reasons, the Court held that defendant had failed to comply with the notice requirement of Rule 12.2(b), and, consequentially, the Court ruled that Dr. Bruce's testimony should be excluded under Rule 12.2(d).[3]

## II.

In support of his motion for reconsideration, defendant relies upon the Seventh Circuit's decision in *United States v. Staggs*, 553 F.2d 1073 (7th Cir. 1977). It is defendant's contention that *Staggs* stands for the proposition that it is an abuse of discretion for the trial judge to select the "drastic and irremediable option" of excluding expert testimony for the defense, when the more ameliorative alternative of granting a continuance to allow the Government to consult its own expert and arrange for his examination of the defendant, is possible. Defendant contends that this proposition has particular force where, as in this case, the court has the opportunity to grant the continuance in advance of the trial, thereby minimizing the inconvenience to the prospective veniremen.

In *Staggs* the defendant was charged with assaulting a federal officer with a deadly weapon in violation of 18 U.S.C. § 111. The district judge excluded the testimony of a psychologist who would have testified that the defendant was more likely to hurt himself than to direct his aggressions toward others. The basis for the Court's ruling was that such expert testimony was irrelevant to the question of whether an assault had been committed. Apparently, the trial court believed that assaulting a federal officer under 18 U.S.C. § 111 was a "general," as opposed to a "specific," intent crime. *Staggs*, supra at 1075–76. Relying upon *United States v. Feola*, 420 U.S. 671, 685–87, 95 S.Ct. 1255, 1264–65, 43 L.Ed.2d 541 (1975), the Seventh Circuit found that assault under § 111 was in fact a specific intent crime and, therefore, the expert testimony as to defendant's mental condition was relevant and should have been admitted. Id. at 1076.

On appeal the Government contended that if the expert testimony were relevant, nevertheless, it should have been excluded under Rule 12.2(b) because the defendant had failed to give notice of his intention to introduce expert testimony in this regard. In response to this argument, the Court said:

> court may exclude the testimony of any expert witness offered by the defendant on the issue of his mental state.

---

**3.** Fed.R.Crim.P. 12.2(d) reads in pertinent part as follows:

> If there is a failure to give notice when required by subdivision (b) of this rule..., the

Rule 12.2(b) does not specify a remedy for its violation. It is within the discretion of the trial judge whether to exclude evidence covered by the rule that is introduced without the required notice. In this case the trial judge noted that to immediately admit [the psychologist's] testimony would frustrate the purpose of the rule. He also found that he could not continue the case to permit the Government to obtain its own expert witness because to do so would violate the defendant's statutory right to a speedy trial. *But in excluding the testimony he avoided relying on Rule 12.2(b) and instead based his decision solely on the grounds of relevance.*

We do not know what the district judge would have done if he had found the testimony to be relevant. The record indicates that he was reluctant to exclude the testimony because of the defendant's failure to comply with Rule 12.2(b). We are convinced that if possible, he would have delayed the trial to allow the Government to obtain its own expert rather than imposing the drastic sanction of exclusion. Accordingly, we remand the case for a new trial.

Id. at 1077 (emphasis added).

The Court believes that defendant attaches more weight to *Staggs* than is due, primarily because defendant confuses the Seventh Circuit's holding with its dictum. The *Staggs* decision should be limited to its facts, the most significant of which is that the trial judge excluded the expert testimony based "solely on grounds of relevance," and not upon the lack of notice under Rule 12.2(b). In excluding the testimony on the basis of relevance, the Seventh Circuit held that the trial judge erred. The Court did not hold that the trial judge would have abused his discretion if he had excluded the testimony under Rule 12.2(d) for defend-

ant's failure to give proper notice. Instead, the court speculated that the trial judge would have granted a continuance rather than imposing the "drastic sanction of exclusion." In this regard, the Seventh Circuit's opinion is pure dictum.[4]

Thus, there is no basis in the holding in *Staggs* for the proposition that, where the defendant fails to give notice as required under Rule 12.2(b), it is *an abuse of discretion* for the district court to exclude the expert testimony rather than to grant a continuance. Indeed, there could be no basis for such a holding since Rule 12.2(d) specifically provides for the remedy of exclusion where notice has not been given.[5]

Moreover, the Court is surprised that the Government would acquiesce in such an unfounded argument. One of the hallmarks of our system of justice is the adversary process. It is believed that through this process we are better able to seek the truth and obtain a just result under the law. It is thus the duty of party litigants to uphold their end of the adversarial process. Otherwise, the system cannot function unless the Court intervenes on behalf of the delinquent party. Such was the case here, where the Government failed to respond to and in effect acquiesced in, defendant's erroneous argument as to the exercise of the Court's discretion under Rule 12.2(d). While the Government as adversary must never, for the sake of advocacy, seek a miscarriage of justice, nevertheless, so baseless an argument as made by defendant on the *Staggs* dictum should not go unchallenged.

### III.

The only published opinions relating to the providence of excluding expert testimony under Rule 12.2(d) where the defendant

---

**4.** In *United States v. Olson*, 576 F.2d 1267 (8th Cir. 1978), the court summarized the holding in *Staggs* as follows:

(conviction reversed over dissent notwithstanding failure to comply with Rule 12.2, but only because the district court had relied (erroneously) on relevancy ground, rather

than on Rule 12.2, in excluding evidence at trial).

Id. at 1273 (footnote omitted). The court added that "[w]e express neither agreement nor disagreement with this [Staggs] decision." Id. at 1273, n. 6.

**5.** See specific language of Rule at note 3, supra.

has failed to give notice under Rule 12.2(b) are: *United States v. Webb*, 625 F.2d 709, 711 (5th Cir. 1980); *United States v. Olson*, 576 F.2d 1267, 1273 (8th Cir. 1978), cert. denied, 439 U.S. 896, 99 S.Ct. 256, 58 L.Ed.2d 242 (1979); and *United States v. Hill*, 481 F.Supp. 558, 562 (E.D.Pa.1979).[6] *United States v. Webb*, supra, is of little assistance to the Court. There the Fifth Circuit simply held that the district court improperly excluded expert testimony under Rule 12.2(d) where the testimony was not within the ambit of Rule 12.2(b). Id. at 711.

Turning then to *United States v. Olson*, supra, in that case the defendant was charged with willfully supplying false or fraudulent withholding information to his employer in violation of 26 U.S.C. § 7205. Proceeding *pro se*, the defendant proffered the testimony of an alcoholism and drug therapist. Her testimony was essentially that the defendant was not responsible for his actions because of his problem with alcohol. The trial court struck the testimony and instructed the jury to disregard it. The basis for the ruling was that the defendant had failed to comply with the notice requirement of Rule 12.2(b). On appeal the Eight Circuit held that in so ruling, the trial court had not abused its discretion, stating:

> Subdivision (d) of Rule 12.2 specifically provides that the district court may, upon failure of the defendant to give the required notice, exclude the testimony of any expert witness offered by the defendant on the issue of his mental state. The trial court's rulings here were fully authorized by the rule.

Id. at 1273.

In *United States v. Hill*, supra, the defendant was charged with distributing heroin and with conspiracy to distribute heroin. His defense was that of entrapment. In furtherance of this defense, the defendant proffered a psychologist who would have testified to "the weakness of mind of the defendant." Id. at 562. Defense counsel represented to the Court that "the doctor will testify in terms of the defendant's intelligence capacity, inclinations, weaknesses, or strength of mind, all of which [counsel] felt were relevant in the entrapment field." Id.

The trial court excluded the expert testimony primarily because of the complete absence of any foundation for the testimony. Apparently the doctor had not heard the testimony of the defendant or of the undercover police officer. The Court ruled that:

> [h]aving heard neither the allegedly "cunning and skillfull" entrapper nor the version of the facts given by the allegedly mentally disabled defendant, there was no basis on which the doctor could provide an expert opinion.

Id. at 561.

The second reason for excluding the expert testimony was under Rule 12.2(d). The trial court found, first, that the expert testimony related to an "other condition bearing upon the issue of whether [the defendant] had the mental state required for the offense charged ..." under Rule 12.2(b), and, second, that no notice had been given prior to the commencement of trial. Because of the doctor's appointment schedule, he was unable to testify at any time other than when his testimony was proffered. The court concluded that to permit him to do so would have been prejudicial to the Government. The Government would not have been adequately prepared to cross-examine the expert; any expert called by the Government would not have been able to hear the defendant's expert testify; the Government would not have had an opportunity to further investigate other aspects of the defendant's life which might have been relevant to the issue of his mental state; nor would the Government have been able to obtain rebuttal testimony on

---

6. The Court notes that the Fourth Circuit has not yet passed judgment on the issue. See *United States v. Perl*, 584 F.2d 1316, 1324, 1324 n. 8 (4th Cir. 1978), cert. denied, 439 U.S. 1130, 99 S.Ct. 1050, 59 L.Ed.2d 92 (1979) (holding that even if the district court erred in excluding expert testimony for failure to comply with the notice requirement of Rule 12.2(b), the error was harmless because the testimony was properly excluded for other reasons).

that issue. "Having considered the alternatives," the Court concluded, "the failure of the defense to comply with Rule 12.2 made the exclusion of [the expert's] testimony mandatory." Id. at 562.

◼ The Court's reading of the *Olson* and *Hill* decisions further persuades the Court of the incorrectness of defendant's contention that it is an abuse of discretion for a trial judge to exclude expert testimony under Rule 12.2(d) where a continuance is a viable alternative. Indeed, *Olson* stands for the contrary proposition—that exclusion of the expert testimony in such circumstances is "fully authorized by the rule." *United States v. Olson*, supra at 1273. Furthermore, *Hill* clearly indicates that exclusion is an appropriate remedy for a defendant's failure to comply with Rule 12.2(b), even where a continuance is a fully conceivable alternative.

The Court is not unmindful of the fact that in both *Olson* and *Hill* the expert testimony was proffered for the first time during the course of trial, whereas in this case, defendant, though somewhat murkily, made the Government aware of his intention to call an expert witness two days before trial. Presumably, defendant views this "advance" notice as mandating the imposition of the less drastic remedy of a continuance until the Government has a fair opportunity to prepare on the issue of defendant's mental state. The Court disagrees. Rule 12.2(b) clearly provides for the giving of notice "within the time provided for the filing of pretrial motions," where a defendant intends to introduce expert testimony relating to his mental state. The Notes of the Advisory Committee on the Federal Rules of Criminal Procedure state that the purpose of the notice requirement "is to prevent the need for a continuance when such evidence is offered without prior notice." 8 J. Moore Federal Practice ¶ 12.2.01[2], at 12.2–5 (2nd Ed. 1980). The Court believes that the function of the Rule is frustrated when notice is given after the "time provided" as well as when the evidence is offered without any prior notice. In either instance, a continuance is or may be required.

Orderly trial preparation is disrupted. The defendant is seeking unfair advantage despite the rules, rather than a fair trial under the rules.

Admittedly, defendant is correct in his assertion that in the former situation, inconvenience to the prospective veniremen can be prevented. The Court is not convinced that this advantage alone makes exclusion of the expert testimony an abuse of discretion in that situation.

Furthermore, Rule 12.2(b) seems to provide for instances such as this. The Rule provides in pertinent part:

> The court may for cause shown allow late filing of the notice or grant additional time to the parties to prepare for trial or make such other order as may be appropriate.

It is highly significant that defendant did not attempt to show cause for allowing late filing or for granting a continuance at either the hearing or in his motion for reconsideration. Defense counsel did intimate that he had been required to handle this case in a "truncated" fashion. The Court was not persuaded by that intimation at the hearing, nor is the Court persuaded by it now. Because defense counsel came into this case after the setting of the initial trial date, the Court granted defendant's motion for a continuance and for an extension of time for the filing of pretrial motions and notices. There has been no suggestion that defense counsel had an inadequate amount of time to assess and prepare a defense based upon defendant's mental state. Thus, there has been no showing of "cause" for a continuance in this case.

## IV.

In summary, the Court believes that were it to reach any other conclusion in this case, the Court would be saying to all criminal defense lawyers that a continuance can be had simply by waiting until the last minute to assert a Rule 12.2(b) defense. This would clearly be improper. Though the penalty of exclusion may be harsh, the Court believes that where timely notice has not been given in accordance with the Rule,

and where there has been no showing of cause for late filing of the notice or for a continuance, the Court is fully within the bounds of its discretion, and of the Rule, in excluding the testimony of defendant's expert witness.

And it is so ORDERED.