UNITED STATES of America,
Plaintiff-Appellee,

v.

Jim T. HARRISON, Jr.,
Defendant-Appellant.

No. 80–7416.

United States Court of Appeals,
Fifth Circuit.

July 20, 1981.
Rehearing and Rehearing En Banc
Denied Sept. 11, 1981.

**354**

Hylton B. Dupree, Jr., Marietta, Ga., for defendant-appellant.

Janet F. King, Asst. U. S. Atty., Atlanta, Ga., Ann T. Wallace, Atty., Crim. Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before GODBOLD, Chief Judge, and KRAVITCH and HATCHETT, Circuit Judges.

On Petition for Rehearing and Petition for Rehearing En Banc

GODBOLD, Chief Judge:

Appellant, an osteopathic doctor, was charged with "unlawfully and knowingly distribut[ing] and caus[ing] to be distributed [a controlled substance] ... for other than a legitimate medical purpose and not in the usual course of professional practice," in violation of 21 U.S.C. § 841(a)(1). This section makes it unlawful "to manufacture, distribute, or dispense ... a controlled substance." We held, *U. S. v. Harrison*, 628 F.2d 929 (5th Cir. 1980) that the indictment must be dismissed, relying on *U. S. v. Leigh*, 487 F.2d 206 (5th Cir. 1973) in which we dismissed an indictment that charged the defendant, a medical doctor, "did knowingly and intentionally distribute ... a controlled substance in violation of § 841(a)(1)."

We agree with the government's argument in its petition for rehearing that this case must be distinguished from *Leigh*. There the charge was only knowing and intentional distribution. Here the indictment charged distribution that was "unlawful" and "for other than a legitimate medical purpose and not in the usual course of medical practice." This states an offense.[1]

---

1. In *U. S. v. Thompson*, 624 F.2d 740 (5th Cir. 1980) the physician was charged with "unlawfully *dispensing* a controlled substance, not in the usual course of professional practice for a legitimate medical purpose." He asserted, relying on *Leigh*, that the indictment was defective because he could be indicted for *only distributing* (and that only an unregistered physician could be indicted for *dispensing* unlawfully). We rejected this argument, and, relying on *Leigh*, stated that "a doctor who administers or prescribes an unlawful substance in an unlawful manner is to be indicted for dispensing it rather than distributing it." We do not take this statement to mean that a doctor acting unlawfully and for other than a legitimate

The allegations present in this case protect the doctor from exposure to criminal prosecution for errors of judgment as to the amount prescribed and as to the necessity for the prescription.

We consider two other points that were pretermitted in our original opinion. The court took judicial notice that the generic names of the four drugs that appellant was indicted for distributing were listed in the federal schedule of controlled substances, 21 U.S.C. § 812, 21 C.F.R. 1308. Appellant insists that the court was required to take testimony to show what the C.F.R. schedules showed as of the dates of the offenses charged, 1976 and 1977. The argument misconceives the nature of judicial notice, which dispenses with the necessity of proof. The Federal Register specifies the effective date of each regulation, and this is required to be judicially noticed along with the content of the regulation. Both the 1976 and 1977 editions of the C.F.R. list as controlled substances the drugs appellant was convicted of distributing. This is all that is required.

There was sufficient evidence to permit submission to the jury of counts 15 through 27. Appellant urges that it was not shown that the prescriptions charged in these counts were written for other than legitimate medical purposes. The contention is based upon two incorrect hypotheses. *U. S. v. Rosen,* 582 F.2d 1032 (5th Cir. 1978) is not an exclusive and exhaustive list of the types of conduct by which a physician can breach the limits of legitimate medical practice nor does it establish some minimum number of types of conduct that must be present to permit submission to the jury of the legitimate medical practice issue. The fallacy of appellant's mechanistic approach is demonstrated by the presence in this case of testimony that appellant would make up fictitious names for prescriptions, or ask the "patient" to supply him with names to be used, and even alluded to the difficulties he might encounter by having no files on the

confected names. Nor was the jury, in considering the issue of exceeding the legitimate bounds of medical practice, limited to considering only prescriptions charged in counts 11 through 27. Prescriptions issued at other times were admissible as evidence of plan, design or scheme.

The petition for rehearing is GRANTED and the conviction of appellant is AFFIRMED. No member of this panel or judge in regular active service on the court has requested that the court be polled on rehearing en banc, FRAP Rule 35, Fifth Circuit Local Rule 16, therefore, the petition for rehearing en banc is DENIED.

medical purpose and not in the usual course of medical practice can *only* be indicted for *dispensing.* The indictment in *Leigh* did not charge unlawful administering or prescribing but merely distribution, and we held this was not enough.