UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-40846
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FORREST DALE COMMANDER, JR,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
_____

October 2, 2000

Before REAVLEY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written plea agreement, Forrest Dale Commander, Jr., pleaded guilty to knowingly receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). The Government agreed to recommend that Commander be given a reduction for acceptance of responsibility and that he be sentenced at the lowest end of the applicable guideline imprisonment range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The probation officer's presentence report (PSR) recommended, *inter alia,* that Commander's sentence be increased two levels under § 2G2.2(b)(1), which provides that "[i]f the material involved a prepubescent minor or a minor under the age of twelve years, increase by 2 levels." At sentencing, Commander objected to this enhancement on the ground that he did not intend to receive material involving depiction of a minor who was "prepubescent" or under the age of 12. After an evidentiary hearing, the district court overruled Commander's objection because "the evidence presented by the Customs official and by the NCIS official are explanatory of the other exhibits . . . that show other prepubescent minors and that circumstantial evidence of these possessions and receipts is persuasive of this particular exhibit together with the title and appearance of the victim in that case." The court sentenced Commander to 51 months in prison and to three years of supervised release. Commander now appeals his sentence.

Commander first argues that the district court erred by increasing his sentence two levels pursuant to § 2G2.2(b)(1) because the government failed to show that he intended to receive a depiction of a prepubescent minor. Specifically, Commander argues that the district court should not have relied on conduct that occurred subsequent to his receipt of the image in addressing his intent. However, the sentencing guidelines provide that "[i]n resolving any dispute concerning a factor important to the

2

sentencing determination, the court may consider *relevant* information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." § 6A1.3 (emphasis added). Commander does not suggest that his subsequent conduct lacks "sufficient indicia of reliability" but he does contest the relevance of such conduct. Generally, evidence of *prior* bad acts may be admissible to prove intent. *See e.g., United States v. Gonzalez-Lira,* 936 F.2d 184, 189 (5th Cir. 1991); *United States v. Beechum,* 582 F.2d 898, 911 (5th Cir. 1978) (en banc). This Court has held that evidence of a "subsequent similar act" is admissible for the same purpose. *United States v. Webb,* 625 F.2d 709, 710 (5th Cir. 1980); *see also United States v. Latney,* 108 F.3d 1446, 1449 (D.C. Cir. 1997) (citing 2 JACK B. WEINSTEIN ET AL., WEINSTEIN'S EVIDENCE ¶ 404[08], at 404-49 to 404-50 & n. 22 (1996)). We therefore reject Commander's argument that the district court erred in considering evidence of his subsequent similar acts.

In light of the evidence that: (1) Commander committed subsequent similar acts; (2) the name of the document was "11BLODAD.JPG"; and (3) Commander downloaded and stored the image of the prepubescent minor involved in a sexual act on his hard drive, we hold that the district court did not commit clear error in determining the government proved by a preponderance of the

3

evidence that Commander intended to receive a depiction of a prepubescent minor.

Commander next argues that the district court erred in increasing his offense level pursuant to § 2G2.2(b)(3). This section provides that "[i]f the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, increase by 4 levels." He argues that the depiction of an adult performing a sexual act with a child is not in and of itself violent, sadistic, or masochistic. Commander, however, raises this objection for the first time on appeal. Thus, we review it only for plain error. *United States v. Calverley,* 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). Under Rule 52(b), this Court may correct forfeited errors only when the appellant shows the following factors: (1) there is an error (2) that is clear or obvious and (3) that affects his substantial rights. *Id.* If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and we will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano,* 507 U.S. 725, 736 (1993).

The Eleventh Circuit has held that photographs depicting children under twelve years of age being penetrated sexually by adult males or by a glass bottle warranted the enhancement of which Commander complains. *See United States v. Garrett,* 190 F.3d 1220

4

(11th Cir. 1999).  Not surprisingly, Commander has not pointed us to any holding under similar circumstances that is contrary to the Eleventh Circuit's pronouncement.  Accordingly, Commander has not shown that any error was "clear or obvious."  *Calverley,* 37 F.3d at 162–65.

For the above reasons, Commander's sentence is AFFIRMED.